# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.M. & C.P.**

**No. 14-1126** (Mercer County 12-JAT-468 & 13-JAT-459)

**FILED**

April 13, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother M.H., by counsel Gerald R. Linkous, appeals the Circuit Court of Mercer County's October 7, 2014, order terminating her parental rights to S.M. and C.P. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, John Earl Williams Jr., filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her motion for a dispositional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, the DHHR filed an abuse and neglect petition against the parents alleging that S.M. missed a total of twenty-one days of school during the 2012-2013 school year. By order dated February 22, 2013, the circuit court granted petitioner a pre-adjudicatory improvement period despite petitioner's failure to attend the preliminary hearing. In May of 2013, the circuit court held a review hearing and found that S.M. was missing one out of every three school days. The circuit court further found that petitioner had been arrested on a charge of burglary and that her improvement period was not successful. After the hearing, petitioner submitted to a drug screen and tested positive for cannabinoids and hydromorphone. Sometime after this hearing, petitioner became a fugitive.

In October of 2013, the DHHR filed an amended petition that included petitioner's other child, C.P., and alleged that C.P. lived with his paternal aunt. The amended petition further alleged that petitioner's parenting skills were impaired by her use of alcohol or other controlled substances to a degree that posed a risk to the children. The petition also contained information pertaining to petitioner's arrest for burglary in May of 2013, and a subsequent capias issued for her in Tazewell County, Virginia, in June of 2013. According to the amended petition, petitioner's whereabouts were unknown. Following a hearing on the amended petition, the circuit court placed S.M. in the DHHR's custody and left C.P. with his aunt.

1

In December of 2013, the circuit court held an adjudicatory hearing. Petitioner did not attend due to her incarceration. Ultimately, the circuit court found that petitioner neglected the children. In September of 2014, the circuit court held a dispositional hearing. Petitioner, who had recently been released from incarceration, moved for a dispositional improvement period. Additionally, the DHHR presented testimony that, following her positive drug screen in May of 2013, petitioner "disappeared" after violating her probation and went into hiding. Testimony established that petitioner's whereabouts were unknown to the DHHR for approximately one year. Petitioner also admitted to the circuit court that if she had not been apprehended by law enforcement, she would still be in hiding. The following month, the circuit court entered a dispositional order, denied petitioner's request for a dispositional improvement period, and terminated her parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a dispositional improvement period.

Pursuant to West Virginia Code § 49-6-12(c)(4), a circuit court may grant a dispositional improvement period after a parent has previously been awarded an improvement period upon a showing that the parent "has experienced a substantial change in circumstances[, and that] due to that change in circumstances, the [parent] is likely to fully participate in the improvement period." While petitioner argues that she satisfied these burdens, the Court disagrees. Petitioner cites to her own testimony below, wherein she stated that she experienced a substantial change in circumstances because she ceased using drugs during her incarceration. Petitioner further testified that because her parole was dependent on her remaining drug free, she would remain as such.

However, it is important to note that, at the time petitioner was granted a pre-adjudicatory improvement period, the only allegations against her were for S.M.'s truancy. After obtaining a pre-adjudicatory improvement period, petitioner not only continued to allow the child to be truant, but she engaged in abuse of illegal substances, was arrested, and eventually became a

2

fugitive. Accordingly, the circuit court found that petitioner abandoned her children and that she would have remained a fugitive if not for her capture. Further, in denying petitioner's motion, the circuit court found that petitioner "knew her parenting ability was under [c]ourt scrutiny when she fled from justice [and] put her needs before the needs of the children[.]" This evidence not only establishes petitioner's unwillingness to comply with services, but further evidences a diminution in the conditions of neglect that necessitated the petition's filing. Simply put, the Court does not agree that because petitioner established she was being regularly drug tested as a condition of parole, that her substance abuse issues were resolved or that she satisfied her burden of establishing she was likely to fully participate in a dispositional improvement period. As such, it is clear that the circuit court did not err in denying petitioner's motion for a dispositional improvement period, as petitioner could not establish either a substantial change in circumstances or that she was likely to fully participate in the improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and its October 7, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: April 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3